[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO DISMISS
CT Page 1431-YYYY
The parties are before the court a second time in a second action in a second Motion to Dismiss addressing for the second time the sufficiency of the Notice to Quit. This court ruled briefly in the first matter, East Hartford Housing Authority v.Adamson, Doc. No. SPH 82383, Ruling Re Motion to Dismiss, dated 11/9/95, and dismissed the action. As noted in that ruling this tenancy is within the federal low income housing program so that24 C.F.R. § 966.4(l) applies to this action. Accordingly, since this is a nonpayment case, the Authority must give fourteen days written notice of lease termination; the written notice must state the specific grounds of the termination, the right of the tenant to reply, to examine the Authority's documents and to request a grievance hearing.
In the first action the court found that the Notice to Quit did not comply with C.G.S. § 47a-23(e) because it indicated that the lease terminated upon services. The parties agree that the only difference between the two Notices to Quit other than CT Page 1431-ZZZZ the dates is within the notice regarding payments by the tenant.[1]
In this second action, the defendant again argues that this second Notice is equivocal because it appears to terminate the lease upon service rather than at the federally mandated termination date. Accordingly, she argues, the notice does not comply with C.G.S. § 47a-23(e).
C.G.S. § 47a-23(e) allows a landlord to include the federally required termination notice within the Notice to Quit "provided the rental agreement or lease shall not terminate until after the date specified in the notice for the lessee or occupant to quit possession or occupancy or the date of the completion of CT Page 1432 the pretermination process, whichever is later." If the lease is terminated upon service of the Notice to Quit, the Notice is fatally deficient under this statute. Lampasona v. Jacobs,209 Conn. 724, 730 (1989); Jefferson Garden Associates v. Greene,202 Conn. 128, 143 (1987); Windsor Properties, Inc. v. The GreatAtlantic and Pacific Tea Company, Inc., H-50 (6/13/79) (Spada, J.).
The Notice to Quit is entitled TERMINATION OF LEASE ANDNOTICE TO QUIT. It states "You are hereby given notice that you are to quit possession or occupancy of the apartment now occupied by you on or before: 11/30/95." The Notice was served on the defendant on November 14, 1995. There is no further language in the Notice to Quit regarding the date of termination. Based upon a straightforward reading of the Notice to Quit, it appears to the court that the lease terminated upon service.
If the plaintiff intends to combine the notices as allowed under (e) of § 47a-23, in addition to complying with the federal mandates, it must clearly state that the quit date is also the termination date. A Notice to Quit usually, but not always, terminates the lease upon service. Mayron's Bake Shops,Inc. v. Arrow Stores, Inc., 149 Conn. 149, 156 (1961); IntownManagement Corp. v. Knowling, H-959 (8/12/91) (Berger, J.). C.G.S. § 47a-23(a) provides that the landlord shall give notice to quit "at least five days before the termination of therental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy." Had the Authority stated its intent to terminate the lease as of November 30, 1995, the Notice would not have terminated upon service.
The Notice to Quit is defective. The court lacks subject matter jurisdiction. The case is dismissed.
Alexandra Davis DiPentima, Judge